No. 923
NEW BOSTON (Village) v. PUBLIC UTIL. COM.
Ohio Supreme Court
No. 17865. Decided June 19, 1923 (To Appear—OS.)
308A. PUBLIC PUTILITIES.

Natural Gas—Neither city nor utility company authorized to contract for price of gas for longer period than ten years—Public Utilities Commission held authorized to hear appeal from ordinance fixing gas rate.
PER CURIAM.

Epitomized Opinion

In 1909 the Village of New Boston granted a franchise to the United Fuel Gas Co. to supply natural gas for a period of 25 years. Among other things the ordinance recited that for a period of ten years the gas was to be furnished at 40 cents per thousand and "to be thereafter subject to the provisions of the statutes in the State of Ohio in such case made and provided." The ordinance also provided that the company should not be required to make a monthly charge of less than 25 cents per meter. In 1919, after the expiration of the ten year period, the company filed a new schedule with the Public Utilities Commission, fixing a rate of 40 cents with a 50 cent minimum charge. In January, 1920, New Boston passed an ordinance fixing a minimum charge of 30 cents per thousand cubic feet.

An appeal was filed by the Gas Company and the Utilities Commission found that the rate fixed by the ordinance was unjust and unreasonable. The Commission established a 40 cent rate with 50

cents as a minimum charge. To reverse this finding of the Commission, a proceeding in error was prosecuted. In affirming the judgment of the Commission, the Supreme Court, Wanamaker and Allen dissenting, held:

1. Under 3982, 3983 GC., empowering city councils to regulate the price of gas, and providing for minimum, not to be reduced in ten-year period, neither the city nor the utility has any authority to contract as to the price of gas for a longer period than ten years.

2. Since neither city nor utility may contract for the price of gas for a longer term than ten years, a municipality cannot, by providing in its franchise ordinance that the rate is to be subject to the provisions of the statutes, deprive the Public Utilities Commission of jurisdiction to hear an appeal by the Utility from an ordinance fixing rates, notwithstanding that 514-44 GC. was enacted after adop██ █n of the ordinance.

Attorneys—J. Alden Staker and Harry Ball, Portsmouth, for New Boston; C. C. Crabbe, Atty. Gen., and E. E. Corn, Ironton, for P. U. C.; L. K. Langdon, Cincinnati, and R. G. Altizer, Charleston, W. Va., for Gas Co.